SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
GREGORY F. HURLEY, Cal. Bar No. 126791
ghurley@sheppardmullin.com
MICHAEL J. CHILLEEN, Cal. Bar No. 210704
mchilleen@sheppardmullin.com
650 Town Center Drive, 4th Floor
Costa Mesa, California 92626-1993
Telephone:  714.513.5100
Facsimile:   714.513.5130

Attorneys for Defendant,
FOOD 4 LESS

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| CARMEN JOHN PERRI, an individual,<br><br>Plaintiff,<br><br>v.<br><br>FOOD 4 LESS, a business of unknown form; OCEANGATE PROPERTY TWO, LLC , a California limited liability company; and Does 1-10,<br><br>Defendants. | Case No. 2:18-cv-03679-GW-JEM<br>Honorable George H. Wu<br><br>**ANSWER TO COMPLAINT;<br>DEMAND FOR JURY TRIAL**<br><br><br>Action Filed:   April 30, 2018<br>Trial Date:     None Set |

Defendant Food 4 Less (hereinafter "Defendant"), in answer to plaintiff Carmen John Perri's (hereinafter "Plaintiff") Complaint, admits, denies, and alleges as follows:

**<u>PARTIES</u>**

1. In response to Paragraph 1 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies each and every allegation.

2. In response to Paragraph 2 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies each and every allegation.

3. In response to Paragraph 3 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

4. In response to Paragraph 4 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies each and every allegation.

5. In response to Paragraph 5 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies each and every allegation.

6. In response to Paragraph 6 of the Complaint, Defendant admits that it operates a Food 4 Less business located at 14500 Ocean Gate Avenue, Hawthorne, CA 90250.  As to the remaining allegations, Defendant is not required to answer legal conclusions and argument, and on that basis, denies all of them.

7. In response to Paragraph 7 of the Complaint, Defendant admits that it operates a Food 4 Less business located at 14500 Ocean Gate Avenue, Hawthorne, CA 90250.  As to the remaining allegations, Defendant is not required to answer legal conclusions and argument, and on that basis, denies all of them.

8. In response to Paragraph 8 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

## JURISDICTION & VENUE

9. In response to Paragraph 9 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

10. In response to Paragraph 10 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

11. In response to Paragraph 11 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

## FACTUAL ALLEGATIONS

12. In response to Paragraph 12 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies each and every allegation.

13. In response to Paragraph 13 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

14. In response to Paragraph 14 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

15. In response to Paragraph 15 of the Complaint, Defendant denies each and every allegation.

16. In response to Paragraph 16 of the Complaint, Defendant denies each and every allegation.

17. In response to Paragraph 17 of the Complaint, Defendant denies each and every allegation.

18. In response to Paragraph 18 of the Complaint, Defendant denies each and every allegation.

19. In response to Paragraph 19 of the Complaint, Defendant denies each and every allegation.

20. In response to Paragraph 20 of the Complaint, Defendant denies each and every allegation.

21. In response to Paragraph 21 of the Complaint, Defendant denies each and every allegation.

22. In response to Paragraph 22 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies each and every allegation.

23. In response to Paragraph 23 of the Complaint, Defendant denies each and every allegation.

24. In response to Paragraph 24 of the Complaint, Defendant denies each and every allegation.

25. In response to Paragraph 25 of the Complaint, Defendant denies each and every allegation.

26. In response to Paragraph 26 of the Complaint, Defendant denies each and every allegation.

27. In response to Paragraph 27 of the Complaint, Defendant denies each and every allegation.

28. In response to Paragraph 28 of the Complaint, Defendant denies each and every allegation.

29. In response to Paragraph 29 of the Complaint, Defendant denies each and every allegation.

# FIRST CAUSE OF ACTION
## VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT OF 1990, 42 U.S.C. § 12181 et seq.

30. In response to Paragraph 30 of the Complaint, Defendant repleads and incorporates by reference, as if fully set forth again herein, the responses contained in paragraphs 1 through 29 of this Answer as set forth above.

31. In response to Paragraph 31 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

32. In response to Paragraph 32 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

33. In response to Paragraph 33 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

34. In response to Paragraph 34 of the Complaint, Defendant denies each and every allegation.

35. In response to Paragraph 35 of the Complaint, Defendant denies each and every allegation.

## SECOND CAUSE OF ACTION
## VIOLATION FO THE UCRA, CALIFORNIA CIVIL CODE § 51 et seq.

36. In response to Paragraph 36 of the Complaint, Defendant repleads and incorporates by reference, as if fully set forth again herein, the responses contained in paragraphs 1 through 35 of this Answer as set forth above.

37. In response to Paragraph 37 of the Complaint, Defendant denies each and every allegation.

38. In response to Paragraph 38 of the Complaint, Defendant denies each and every allegation.

39. In response to Paragraph 39 of the Complaint, Defendant denies each and every allegation.

In addition, Defendant asserts the following affirmative defenses with respect to all of Plaintiff's claims and causes of action.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

(Failure to State a Claim)

1. The Complaint, and each and every claim therein, fails to state a claim for which relief can be granted and should, therefore, be dismissed.

## SECOND AFFIRMATIVE DEFENSE

(Lack of Standing)

2. Plaintiff lacks standing to pursue her alleged claims. To show standing, "a plaintiff has the burden of proving: (1) that he or she suffered an "injury in fact," (2) a causal relationship between the injury and the challenged conduct, and (3) that the injury likely will be redressed by a favorable decision." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992). To satisfy the "injury in fact" element of standing in a barrier case, an ADA plaintiff must demonstrate that he is likely to return to patronize the accommodation in question. *Wilson v. Kayo Oil Company*, 535 F.Supp.2d 1063, 1070 (S.D. Cal. 2007) ("[A]n ADA plaintiff cannot manufacture standing to sue in federal court by simply claiming that he intends to return to the facility."). Here, Plaintiff lacks standing to pursue her alleged claims because, among other reasons, she is not a bona fide patron, she alleges barriers not related to his disability, and/or she does not intend to return to the subject property.

## THIRD AFFIRMATIVE DEFENSE

(Statute of Limitations)

3. Plaintiff's claims are barred to the extent that they are based on visits to the subject facility more than two years prior to the date the Complaint was filed. Cal. Civ. Proc. § 335.1; *see, e.g.*, *Californians for Disability Rights, Inc. v.*

*California Dept. of Transp.*, 2009 WL 2982840, *1 (N.D. Cal. 2009) (California's two-year limitations period for personal injury actions applies to federal disability discrimination claims brought in California).

## FOURTH AFFIRMATIVE DEFENSE
(Effective Access)

4. The purported architectural barriers provide effective access to Plaintiff. Even if the features alleged in the Complaint did not comply with applicable access standards, the features nonetheless provided effective access to Plaintiff because any alleged noncompliance was de minimis, the features were usable and accessible despite their alleged noncompliance, and/or Plaintiff was able to use and access the features.

## FIFTH AFFIRMATIVE DEFENSE
(Removal of Architectural Barriers Was Not Readily Achievable)

5. Any allegedly wrongful acts or omissions performed by Defendant or its agents, if there were any, do not subject Defendant to liability because the removal of the alleged architectural barriers identified in the Complaint was not readily achievable or easily accomplishable and/or able to be carried out without much difficulty or expense when taking into account the factors set forth at 42 U.S.C. § 12181.

## SIXTH AFFIRMATIVE DEFENSE
(Full Compliance is Structurally Impracticable)

6. Any allegedly wrongful acts or omissions performed by Defendant or its agents, if there were any, do not subject Defendant to liability because full compliance with the accessibility requirements for the alleged barriers identified in the Complaint would be structurally impracticable.

/ / /
/ / /
/ / /

## SEVENTH AFFIRMATIVE DEFENSE

### (Alterations Were Made to Ensure that the Facility Would Be Readily Accessible to the Maximum Extent Feasible)

7. Without conceding that Defendant made any "alterations" within the meaning of disability access laws, any allegedly wrongful acts or omissions performed by Defendant or its agents, if there were any, does not subject Defendant to liability because any "alterations" to the subject property, including to the features alleged in the Complaint, were made to ensure that the facility would be readily accessible to the maximum extent feasible. 28 C.F.R. § 36.402.

## EIGHTH AFFIRMATIVE DEFENSE

### (The Cost and Scope of Alterations to Path of Travel to Altered Area Containing a Primary Function is Disproportionate to the Cost of the Overall Alteration)

8. Any allegedly wrongful acts or omissions performed by Defendant or its agents, if there were any, do not subject Defendant to liability because the cost and scope of any and all alterations to the path of travel to the altered area containing a primary function, if any, would be disproportionate to the cost of the overall alteration to the primary function area, if any.

## NINTH AFFIRMATIVE DEFENSE

### (Defendant Provided Services Via Alternative Methods)

9. Any allegedly wrongful acts or omissions performed by Defendant or its agents, if there were any, do not subject Defendant to liability because Defendant accommodated or were ready and willing to accommodate Plaintiff's alleged disability by providing access via "alternative methods" other than the removal of alleged architectural barriers (42 U.S.C. §12182), such as, by personally assisting Plaintiff overcome/deal with any of the barriers alleged in the Complaint.

## TENTH AFFIRMATIVE DEFENSE

### (Good Faith Reliance Upon Local Building Authorities)

10. Plaintiff's Complaint and each claim alleged therein are barred by

Defendant's good faith reliance upon reasonable interpretations of California law by local building authorities and issuance of appropriate building permits and Certificates of Occupancy for the facilities at issue.

### ELEVENTH AFFIRMATIVE DEFENSE
(Unclean Hands)

11.     Plaintiff's claims are barred under the doctrine of unclean hands.

### TWELFTH AFFIRMATIVE DEFENSE
(Privilege)

12.     Defendant's conduct was privileged because it was undertaken pursuant to the terms of the applicable laws, regulations, orders, and approvals relating to building construction and/or fire safety and public safety.

### THIRTEENTH AFFIRMATIVE DEFENSE
(Technically Infeasible)

13.     Any allegedly wrongful acts or omissions performed by Defendant or its agents, if there were any, does not subject Defendant to liability because full compliance with the standards for the alleged architectural barriers identified in the Complaint would be technically infeasible .

### FOURTEENTH AFFIRMATIVE DEFENSE
(Undue Burden)

14.     Insofar as Defendant has not made alterations to the facility at issue, which Plaintiff contends should have been made, those changes were not and are not required under federal or California law, and any requirements to make those changes would impose an undue burden upon Defendant.

### FIFTEENTH AFFIRMATIVE DEFENSE
(Estoppel)

15.     Plaintiff is estopped by her conduct from recovering any relief under the Complaint.

/ / /

### SIXTEENTH AFFIRMATIVE DEFENSE
(Waiver)

16. Plaintiff's claims are barred, in whole or in part, by the doctrine of waiver.

### SEVENTEENTH AFFIRMATIVE DEFENSE
(Failure to Mitigate Damages)

17. Plaintiff failed to properly mitigate her alleged damages and therefore is precluded from recovering those alleged damages.

### EIGHTEENTH AFFIRMATIVE DEFENSE
(Preemption)

18. Plaintiff's state law claims are preempted by federal law.

### NINETEENTH AFFIRMATIVE DEFENSE
(Indispensable Party)

19. Plaintiff's alleged claims are barred, in whole or in part, because of her failure to name an indispensable party or parties.

### TWENTIETH AFFIRMATIVE DEFENSE
(Good Faith Reliance Upon Advice Of Architects)

20. Plaintiff's claims are barred by reason of Defendant's good faith reliance upon the advice of architects with respect to the subject facility.

### TWENTY-FIRST AFFIRMATIVE DEFENSE
(Fundamental Alteration)

21. Any allegedly wrongful acts or omissions performed by Defendant or its agents, if there were any, do not subject Defendant to liability because the relief demanded in the Complaint would, if granted, result in a fundamental alteration of Defendant's services.

/ / /

/ / /

/ / /

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

(Legitimate Business Justifications)

22. The Complaint, and each and every purported claim alleged therein, fails to state facts sufficient to constitute a claim against Defendant because any action taken with respect to Plaintiff was for legitimate, non-discriminatory business reasons unrelated to Plaintiff's alleged disability or other asserted protected status.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

(No Damages)

23. Defendant is informed and believe and based thereon allege that Plaintiff has not suffered any damage as a result of any actions taken by Defendant, and Plaintiff is thereby barred from asserting any claim against Defendant.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

(Good Faith)

24. Defendant and its agents, if any, acted reasonably and in good faith at all times material herein, based on all relevant facts, law, and circumstances known by them at the time that they acted. Accordingly, Plaintiff is barred, in whole or in part, from any recovery in this action.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

(Mootness)

25. Plaintiff's claims are barred under the doctrine of mootness.

**TWENTY-SIX AFFIRMATIVE DEFENSE**

(Dimensional Tolerances)

26. Plaintiff's claims are barred because the features identified in the Complaint substantially comply with the applicable law and are within "dimensional tolerances."

/ / /

/ / /

/ / /

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

(Lack of Notice)

27. Plaintiff's claims are barred because Plaintiff failed to provide any notice to Defendant regarding the alleged accessibility issues prior to filing this lawsuit.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

(Equivalent Facilitation)

28. Any allegedly wrongful acts or omissions performed by Defendant or its agents, if there were any, do not subject Defendant to liability because Defendant provided equivalent facilitation with respect to the barriers alleged in the Complaint.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

(Defenses Under Federal Rules of Civil Procedure)

29. Plaintiff's claims may be barred by any or all of the affirmative defenses contemplated by Rules 8 and 12 of the Federal Rules of Civil Procedure. The extent to which Plaintiff's claims may be barred cannot be determined until Defendant has had an opportunity to complete discovery. Therefore, Defendant incorporate all such affirmative defenses as though fully set forth herein.

## THIRTIETH AFFIRMATIVE DEFENSE

(Reasonable Modifications to Policies, Practices and Procedures)

30. Plaintiff's claims are barred because Defendant made and/or was willing to make reasonable modifications to its policies, practices, and/or procedures to accommodate Plaintiff's alleged disabilities, but Plaintiff never requested any such modifications.

## PRAYER

**WHEREFORE**, Defendant prays that this Court enter a judgment as follows:

1. That the Complaint be dismissed with prejudice and that judgment be entered in favor of Defendant;

2. That Plaintiff take nothing by way of her Complaint;

3. That Defendant be awarded its costs of suit incurred in defense of this action, including its reasonable attorney's fees; and

4. For such further and other relief as the Court may deem just and proper.

Dated: May 18, 2018

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By      /s/ *Gregory F. Hurley*
GREGORY F. HURLEY

Attorneys for Defendant,
FOOD 4 LESS

## DEMAND FOR JURY TRIAL

Defendant hereby demands a trial by jury.

Dated: May 18, 2018

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By      /s/ *Gregory F. Hurley*
GREGORY F. HURLEY

Attorneys for Defendant,
FOOD 4 LESS