MANNING LAW, APC
JOSEPH R. MANNING, Jr., Esq. (State Bar No. 223381)
MICHAEL J. MANNING, Esq. (State Bar No. 286879)
CRAIG G. COTE, Esq. (State Bar No. 132889)
4667 MacArthur Blvd., Suite 150
Newport Beach, CA 92660
Tel: 949.200.8755
ADAPracticeGroup@manninglawoffice.com
Attorneys for Plaintiff,
CARMEN JOHN PERRI

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
GREGORY F. HURLEY, Cal. Bar No. 126791
ghurley@sheppardmullin.com
MICHAEL J. CHILLEEN, Cal. Bar No. 210704
mchilleen@sheppardmullin.com
650 Town Center Drive, 4th Floor
Costa Mesa, California 92626-1993
Tel: 714.513.5100/Fax: 714.513.5130
Attorneys for Defendant,
FOOD 4 LESS

STIMPERT & FORD, LLP
DANIEL P. STIMPERT, Cal Bar No. 147420
IAN J. FORD, Cal Bar No. 180644
8500 Wilshire Blvd., Suite 640
Beverly Hills, CA 90211
Tel: 323.782.6782/Fax: 323.677.2223
Attorneys for Defendant,
OCEANGATE PROPERTY TWO, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| CARMEN JOHN PERRI, an individual,<br><br>Plaintiff,<br><br>v.<br><br>FOOD 4 LESS, a business of unknown form; OCEANGATE PROPERTY TWO, LLC , a California limited liability company; and Does 1-10,<br><br>Defendants. | Case No. 2:18-cv-03679-GW-JEM<br>Honorable George H. Wu<br><br>**JOINT RULE 26(f) REPORT**<br><br>**DATE:** July 5, 2018<br>**TIME:** 8:30 a.m.<br>**DEPT:** 9D<br><br>Action Filed:  April 30, 2018<br>Trial Date:  None Set |

Plaintiff CARMEN JOHN PERRI ("Plaintiff"), FOOD 4 LESS ("Food 4 Less"), and OCEANGATE PROPERTY TWO ("Oceangate") respectfully submit this Joint Report ("the Report") pursuant to Federal Rules of Civil Procedure Rule 26(f).

**A.     STATEMENT OF THE CASE**

   **1.     Plaintiff:**

Plaintiff is substantially limited in performing one or more major life activities, including but not limited to: walking, standing, ambulating, sitting and grasping objects. As a result of these disabilities, Plaintiff relies upon a wheelchair and other devices for mobility. With such disabilities, Plaintiff qualifies as a member of a protected class under the Americans with Disabilities Act ("ADA"), 42 U.S.C. §12102(2) and the regulations implementing the ADA set forth at 28 C.F.R. §§ 36.101 et seq. Plaintiff is also the holder of a Disabled Person Parking Placard.

Plaintiff personally visited Defendants' Property on one occasion but was denied full and equal access and full and equal enjoyment of the facilities, services, goods, and amenities within Defendants' facility, even though he would be classified as a "bona fide patron." Specifically, he desired to visit the subject property as a consumer, but experienced difficulty due to Defendants' failure to provide adequate access to the subject business and its interior.

It is alleged that Defendants own and operate the real property located at 14500 Ocean Gate Avenue, Hawthorne, CA 90250 (hereinafter "Property") where the subject business (the "Business") is located. It is alleged that Defendants are liable to Plaintiff for the alleged ADA violations.

The Business is a facility open to the public, a place of public accommodation, and a business establishment. Instead of having compliant designated disabled parking on the Property, Defendants have: a built up curb ramp that projects from the sidewalk and into the handicapped parking area (Section 406.5). Furthermore, the curb ramp is in excess of the 2% maximum grade allowed by ADAAG specifications (Section

406.1); a toilet paper dispenser that is too high; a door lock latch that requires tight grasping; and a trash can in the restroom that obstructs proper clearance.

Plaintiff alleges that Defendants violated Plaintiff's rights under the ADA and the Unruh Civil Rights Act.  In addition to injunctive relief, Plaintiff seeks an award of damages of not less than $4,000 per violation as well as deterrence damages arising out of Plaintiff's visit to the Property on or about April 9, 2018 and for reasonable attorneys' fees litigation expenses, and costs of suit, pursuant to California Civil Code § 52.

### 2. **Defendant Food 4 Less:**

Food 4 Less denies Plaintiff's allegations and denies that Plaintiff is entitled to any relief whatsoever.

### 3. **Defendant Oceangate Property Two, LLC:**

Oceangate Property Two, LLC denies Plaintiff's allegations and denies that Plaintiff is entitled to any relief whatsoever.

## B.   LEGAL ISSUES

### 1. **Plaintiff:**

 The principal legal issues are: (1) whether Defendants are responsible under the law to remove/ remediate barriers; (2) whether the Plaintiff has standing to seek either damages or injunctive relief; (3) whether Plaintiff was denied equal access to the facility and; (4) the nature and extent of Plaintiff's damages.

### 2. **Defendant Food 4 Less:**

The principal legal issues are whether: (1) Plaintiff lacks standing; (2) Plaintiff's purported barriers claims are moot; (3) Plaintiff is entitled to any injunctive relief; and (4) Plaintiff is entitled to any statutory damages.

### 3. **Defendant Oceangate Property Two, LLC:**

The principal legal issues are whether: (1) Plaintiff lacks standing; (2) Plaintiff's purported barriers claims are moot; (3) Plaintiff is entitled to any injunctive

relief; (4) Plaintiff is entitled to any statutory damages; and, (5) Oceangate Property Two, LLC owns the premises in question.

## C. DAMAGES

### 1. Plaintiff:

Plaintiff foresees statutory damages of not less than $4,000 per violation arising out of Plaintiff's visit to the Property, $4,000 for deterrence damages Plaintiff is entitled to pursuant to *Johnson v. Guedoir,* 218 F. Supp. 3d 1096; 2016 U.S. Dist. LEXIS 150740 (USDC Cal, E.D. 2016), and for reasonable attorneys' fees and costs of suit pursuant to California Civil Code § 52.  Plaintiff expects the probable range of damages to be between $8,000 and $12,000 plus reasonable attorneys' fees.

### 2. Defendant Food 4 Less:

Food 4 Less denies that Plaintiff is entitled to any damages whatsoever.

### 3. Defendant Oceangate Property Two, LLC:

Oceangate Property Two, LLC denies that Plaintiff is entitled to any damages whatsoever.

## D. INSURANCE

The Parties are unaware of insurance coverage applicable to this action.

## E. MOTIONS

The Parties do not anticipate motions other than dispositive motions.

## F. COMPLEXITY

This is not a complex case and the Manual for Complex Litigation should not be used.

## G. STATUS OF DISCOVERY

The Parties have not yet undertaken discovery.  The parties intend to exchange Initial Disclosure by July 20, 2018.

## H. DISCOVERY PLAN

The Parties do not anticipate any issues regarding ESI, privileged materials, or protective orders. The Parties do not request any changes to the limitations on discovery. The Parties propose expert disclosures be made four months after the scheduling conference. The Parties propose a non-expert and expert discovery cut-off seven months after the scheduling conference. The Parties propose a dispositive motion cut-off ten months after the scheduling conference.

### 1. Plaintiff:

Plaintiff intends to propound a set of Interrogatories, Requests for Admission and Requests for Production of Documents; to take the deposition of the Defendant and to conduct an expert site inspection as permitted and required by *Doran v. 7-Eleven Inc.*, (9th Cir. 2008) 524 F.3d 1034 and *Chapman v. Pier 1Imports (US) Inc.*, 631 F.3d 939 (9th Cir. 2011). Plaintiff intends to seek discovery related to: (1) the ownership and maintenance of the Business and Property, including the existence of any accessibility barriers and accessible routes; (3) history of changes or modifications to the Business and Property; (4) the feasibility of providing access to persons with disabilities.

### 2. Defendant Food 4 Less:

Defendant intends to propound document requests and interrogatories regarding Plaintiff's litigation history, standing, encounters with the alleged barriers, injunctive relief claims, and statutory damages. Defendant will also take the depositions of Plaintiff, Plaintiff's expert, and any percipient witnesses.

### 3. Defendant Oceangate Property Two, LLC:

Oceangate Property Two, LLC intends to propound document requests and interrogatories regarding Plaintiff's litigation history, standing, encounters with the alleged barriers, injunctive relief claims, and statutory damages. Oceangate Property

Two, LLC will also take the depositions of Plaintiff, Plaintiff's expert, and any percipient witnesses.

## I. DISPOSITIVE MOTIONS

The Parties anticipate filing motions for summary judgment or, in the alternative, motions for summary adjudication after completing necessary discovery.

## J. ALTERNATIVE DISPUTE RESOLUTION ("ADR") PROCEDURE SELECTION

The parties have not yet engaged in any settlement negotiations. The Parties select ADR Procedure No. 2 (court mediation panel).

## K. PRELIMINARY TRIAL ESTIMATE

The trial is expected to take three to four days. The parties request a jury trial.

## L. TRIAL COUNSEL

For Plaintiff: Joseph R. Manning, Jr., Michael J. Manning, and Craig G. Cote.

For Defendant Food 4 Less: Michael J. Chilleen and Gregory F. Hurley.

For Defendant Oceangate Property Two, LLC : Daniel P. Stimpert.

## M. INDEPENDENT EXPERT OR MASTER

The Parties do not believe an independent expert or master is necessary.

## N. OTHER ISSUES

None.

Respectfully submitted,

Dated: June 21, 2018

MANNINGLAW, PC

By     /s/ Michael J. Manning
JOSEPH R. MANNING, JR.
MICHAEL J. MANNING
Attorneys for Plaintiff,
CARMEN JOHN PERRI

Dated: June 21, 2018

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By     /s/ Michael J. Chilleen
GREGORY F. HURLEY
MICHAEL J. CHILLEEN
Attorneys for Defendant,
FOOD 4 LESS

Dated: June 21, 2018

STIMPERT & FORD, LLP

By     /s/ Daniel P. Stimpert
DANIEL P. STIMPERT
IAN J. FORD
Attorneys for Defendant,
OCEANGATE PROPERTY TWO, LLC